**CAI YIN HE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71897.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 22, 2012.

Kai William De Graaf, Esquire, New York, NY, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel I. Smulow, Trial, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Cai Yin He, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Even if He's testimony was credible, substantial evidence supports the agency's finding that he did not suffer past persecution where he was not physically harmed and was detained for short periods of time. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir.2006). Substantial evidence also supports the agency's finding that He does not have a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003); *see also Li v. INS*, 92 F.3d 985, 988 (9th Cir.1996) (no persecution where the petitioner would

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

face the same punishment as any other returning migrant).

Because He failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because He failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).